To Whom it May Concern

November 9, 2010

I have no knowledge of Attorney Victor Rocha trying to contact me nor trying to interview me as a witness on Mr. Harold Jules behalf. Attorney Victor Rocha has never questioned me on behalf of Mr. Harold Jules behalf.

I declare, certify, verify, and state under penalty, or perjury that the foregoing is true and correct pursuant 28 U.S.C. section 1746 executive on the 10th day of November 2010.

Sandy Monestime

*Sandy Monestime*

FILED by _____ D.C.

NOV 23 2010

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

On November 10, 2010, Appeared Sandy Monestine
Provided Florida Driver License

EDDY RIARD
Notary Public - State of Florida
My Comm. Expires Nov 7, 2012
Commission # DD 828461
Bonded Through National Notary Assn.

In addition to the above, it is clear from movant's current §2255 claims that he still maintains his innocence. In his second claim for relief, movant alleges that counsel was ineffective for failing to call various witnesses to testify at trial on his behalf. Movant states he wanted to call these witnesses in order to explain to the jury "why he was at the residence as well as his none [sic] involvement in the case" (CV-DE 2, p. 28). The affidavits from the proposed witnesses accordingly purport to attest to movant's innocence. See Affidavits of Barry Capell, Wayland Pierre and Steven Eugene, CV-DE 2, p. 41-43, 46.[5]

Movant's claim that he would have pled guilty if properly advised of the sentencing consequences is therefore incredible where, in addition to the fact that he has presented no objective evidence in support of that claim, the record in fact affirmatively establishes that movant, both at the time of trial and now, maintains his innocence. See Goudie, supra, 323 F.Supp.2d at 1336 ("In light of Petitioner's continued protestations of innocence and absent objective evidence, the Court finds that Petitioner has failed to demonstrate a reasonable probability that he would have

---

[5] A fourth affidavit from Sandy Monestine, the mother of movant's child, recounts a visit to her apartment in 2003 by members of the DEA, Ft. Lauderdale Police Department and the INS who were looking for movant. This affidavit has no relevance to this case as the alleged incident described therein occurred in 2003 when the conspiracy charged here did not begin until July, 2004, and no events involving this offense occurred at Ms. Monestine's apartment as described in her affidavit. See PSI P.17 (ATACH)EXHIBIT)

## Pending Charges

| Date of Arrest | Charge | Agency | Disposition |
|---|---|---|---|
| 65. 5/9/92 (age 17) | Ct. 1: Operating Vehicle Without Valid License Ct. 2: Failure to Register Vehicle | Ft. Lauderdale Police Department, Ft. Lauderdale, FL | Dkt. #92023752TC30A Case remains open |

The circumstances for this case are not available.

| | | | |
|---|---|---|---|
| 66. 1/16/03 (age 28) | Poss/Purc/Sell/ Deliver Cocaine | Ft. Lauderdale Police Dept., Ft. Lauderdale, FL | Dkt. #03000886CF10A Pending trial |

In a recorded telephone call, the defendant agreed to deliver cocaine to a cooperating witness. The defendant later arrived in possession of approximately five grams of crack cocaine.

| | | | |
|---|---|---|---|
| 67. 7/10/03 (age 28) | Ct. 1: Possession of Cocaine Ct. 2: Driving with Suspended License | Ft. Lauderdale Police Department, Ft. Lauderdale, FL | Dkt. #03011488CF10A Pending trial |

On July 9, 2003, during a search warrant conducted at 715 NW 19th Street in Fort Lauderdale, Florida, the defendant was found in possession of crack cocaine.

| | | | |
|---|---|---|---|
| 68. 9/1/04 (age 29) | Ct. 1: Reentry of a Deported Alien Ct. 2: False Statements | Drug Enforcement Administration, Ft. Lauderdale, FL | Dkt. #0:04CR60188-MARRA(s) Pending trial |

Count One of the indictment charges that on or about July 10, 2003, the defendant was found in the United States after he was deported on April 28, 1999. The defendant did not receive express permission from the Attorney General of the United States to reapply for admission. Count Two charges the defendant with false statements, in that on July 10, 2003, he told an Immigration and Customs Enforcement Special Agent that he was born in New York City on November 18, 1971, which the defendant knew to be false. [INS AGENT TESTAMONEY in [TRIAL] SEE SANDY MONESTIME AFFIDAVIT.

2-door white Buick 1987 LaSabre occupied by black males in the front seat of the vehicle and a infant in the rear seat. The occupants of both vehicles were communicating with one another through the open windows of their respective vehicles. When the UC and the CS approached the vehicle occupied by Jules, the individual who was seated in the front passenger side of the vehicle, opened the door and leaned forward to allow Jules to hand the UC a plastic baggie containing what appeared to be approximately seven grams of crack cocaine. The UC simultaneously delivered $500 in U.S. currency to Jules. The UC asked Jules if the crack was any good to which Jules said, "you know I don't sell any bad shit." The DEA lab reported this crack cocaine had a net weight of 5.1 grams and a purity of 78 percent.

13.   As the UC and the CS walked away from Jules's vehicle, the passenger of the second vehicle, later identified as Terrance Lee, yelled at the UC, admonishing him to put the crack cocaine away. He was referring to the baggie of cocaine openly held in the hand of the UC.

14.   After the arrest of the occupants of both vehicles, a search of the vehicles was ...d. In addition to the $500 of buy money located in the back seat of the ... Buick where Jules was seated, law enforcement found approximately ... on the person of Jules.

search of the 1987 Buick LaSabre uncovered a plastic bag containing what .ppeared to be several grams of crack cocaine located directly beneath the seat occupied by Terrance Lee. This crack cocaine had been packaged similarly to the crack cocaine that Jules had sold to the UC. However, according to the government, it could not conclusively be linked to Jules. The DEA lab report indicated the net weight of this crack cocaine was 11.3 grams with a purity of 56 percent.

16.   In the afternoon on September 1, 2004, law enforcement executed a search warrant at Eugene's residence. They recovered miscellaneous papers, in which one had the phone number for Jules written on it, and approximately $1,100 in U.S. currency. At the time of the search, Eugene occupied the house and was placed under arrest by law enforcement.

17.   According to the laboratory reports from the Drug Enforcement Administration, the total net weight of the cocaine from the various transactions outlined above was 30.24 grams.

18.   Eugene, in a post-arrest statement to agents, admitted to selling about 25 grams of crack cocaine to the CI, stating that since he smoked with him, he sold to him. Jules, in a post-arrest statement, stated to agents, "You got me," "I did it," "What else am I going to do." Jules estimated he would be sentenced to 15 years prison.

When an agent advised Jules that since he sold five grams of crack cocaine, he was looking at a five year minimum sentence, Jules exclaimed, "I didn't sell him five grams," "I shorted him on purpose because I knew he was police," and "You got me."

*[handwritten: SEE AGENT TRIAL Testimony AND VICTOR ROCHA'S, Questions TO HIM, THAT WILL SHOW YOU WHERE HE GOT, THE 5 OR 6 YEARS THING FROM HIS, TESTIMONY WAS A LIE]*

### Role Assessment

19. Harold Jules is known to agents as a local narcotic trafficker. Jules had a few individuals working for him, such as Steven Eugene, who assisted him in selling crack cocaine. Under relevant conduct, Jules is responsible for all of the crack cocaine seized during the period of July 28, 2004 through September 1, 2004. Jules is accountable for a total net weight of 30.24 grams of crack cocaine. A two level aggravating role adjustment, pursuant to § 3B1.1(c), is appropriate for Jules.

20. Steven Eugene is known to agents as a street level crack cocaine dealer who worked with Jules. Under relevant conduct, Eugene is also responsible for all of the crack cocaine seized during the period of July 28, 2004 through September 1, 2004. Eugene is accountable for a total net weight of 30.24 grams of crack cocaine. Neither an aggravating nor a mitigating role adjustment is applicable for him.

21. Terrence Lee was acquitted by a jury of his conduct in the instant offense. On September 1, 2004, Lee was arrested because a net weight of 11.3 grams of crack cocaine was found beneath his car seat. If Lee were found guilty, he would have been held accountable for this amount of crack cocaine.

22. Wayland Pierre also appears to be a street level crack cocaine dealer who worked for Jules. On August 25, 2004, he sold about two grams of crack cocaine to a CI in exchange for $100. He did this on behalf of Jules, as Jules could not make it to the predetermined location. The investigation into Pierre remains ongoing.

### Victim Impact

23. These are Title 21 offenses and there are no identifiable victims.

### Adjustment for Obstruction of Justice

24. The probation officer has no information indicating that the defendant impeded or obstructed justice.

### Adjustment for Acceptance of Responsibility

25. As of completion of the PSI the defendant has not provided a statement for acceptance of responsibility.

*EXHIBIT - GOVERNMENT Prosecutor. MISconduct to ALTER AGENT TESTIMONY*

Geraghty transported Jules from the Fort Lauderdale Police Department to the federal

detention center in Miami (De 153: 606).  Halfway to Miami, Agent Geraghty

testified that Jules began laughing out loud (DE 153: 611), and Agent Geraghty asked

Jules what he was laughing about.  As recounted by Agent Geraghty, Jules replied

"something to the effect of, you got me, I did it, what else am I going to do." (Id. at

612).  Jules continued to talk without interruption and made the following comments

as recounted by Agent Geraghty:



> There was – I didn't ask him anything else.  He kept
> talking and started talking about being arrested and being
> arrested in the past and the effect of – he implied that he
> would just do the time for his arrest, that it was no big deal,
> and he said basically that he'd be – he'd get 15 months . .   *(YEARS)*
> . .

*CHANGE to MONTHS BY GOVERNMENT*

(DE 153: 612).  Agent Geraghty responded to these comments by explaining that

Jules was to be charged federally with the sale of crack cocaine in excess of 5 grams,

and that the mandatory minimum on that charge, if convicted, was five years (DE

153: 613).  Jules replied that he had thought he might be selling to an officer so he

had shorted the officer by selling him less than five grams (DE 153: 614).

    After hearing the evidence and argument of counsel, the district court found

that Agent Roche had read Jules his Miranda rights, and that Jules had invoked his

right to remain silent by shaking his head in response to Agent Roche's questions (DE

MR. VICTOR'S LETTER
Binging ME BACK
From PRISON, in Fact
went to Callando call, states
Hearing for Trial, in RE-ENTRY
ALSO Asking Him For
TRANSCRIPT, TAPES AND
unredacted Indictment, LAB reports
Given Jury, Concunice

LAW OFFICES OF
# VICTOR E. ROCHA, P.A.
2921 SOUTHWEST 27TH AVENUE
COCONUT GROVE, FLORIDA 33133

TELEPHONE (305) 774-9111

FACSIMILE (305) 567-2334

March 28th, 2006

Mr. Harold Jules, Inmate Number 09156265
FCI Coleman Medium
P.O. Box 1022
Coleman, Florida 33521-1022 (C-4)

Dear Harold:

Receipt of your letter dated March 16th, 2006 is hereby acknowledged. As you know, I must retain the copies of all of the documents used in your defense so that I can turn them over to your appellate lawyer or another lawyer acting on your behalf at some point down the road. Therefore, I can only suggest that you let me know when someone on your behalf wishes to pick up copies of the documents that you requested and I will have them all taken to my copy service so that they are not lost. Whoever will be retrieving these copies will be responsible for the costs of copying.

With respect to your illegal re-entry case, the Calendar Call is scheduled for April 14th, 2006 with the Trial following the week thereafter.

Thank you for your attention to this matter.

Very truly yours,

Victor E. Rocha, Esq.

*VER/nmg*

* MR. VICTOR ROCHA'S
RESPONSE TO A LETTER
JUL ES WROTE, Proving Jules
NEVER HEARD TAPES

November 14, 2007

Dear Mr. Victor Rocha,

I would appreciate if I could have the tapes from my case and all documents
that you have in your possession including a copy of all the motions you filed.
I wrote you requesting my grand jury minutes, numerous times and I have not
been able to receive them as of yet. My appellet attorney states that you have
not given none of these documents to him. Before trial you never had a chance
to give to me or listen to the recordings...so I would appreciate if I could
get these items so that I will be able to prepare my 2255 Motion properly with
supporting evidence.


Respectfully,

Harold Jules
Reg. No.: 09156-265
FDC Miami
P.O. Box 019120
Miami, Florida 33101


11/15/07

Dear Harold,

I hope you are doing well. You are
always in my prayers. However, I think we need
to talk about your concerns. Prior to trial
I played the tapes and gave you the
transcripts provided to me in Discovery. After
the case I turned everything over to Mr. O'Donnell.
Therefore, for the second or third time, I do
not have any of these materials that you continue
to request. Good luck to you in the future

Victor G. Rocha

November 1, 2010

Harold Jules
01956-265
P.O.Box 019120
FDC MIami
Miami Florida, 33101

Jose Francisco Esq.
9100 S. Dadeland Blvd
Suite 1500
Miami Florida, 33156

### Re.  Jules  V  U.S. 009-civ-60071-KM

Dear Mr. Francisco

I received yours of 10.27.10 with incomplete copy of original indictment. Please resend a copy of that document and the superceeding indictment in conformance with F.R.crim.P. Rule 6 (c) and (f) which may reveal further evidence of Roacha's ineffective assistance i.e; he may have let my plead to an invalid indictment. Please send a copy of the grand jurors concurrence and the Docket for those indictments. I do not know if the re-entry charge that I was called to answer was seperate or not but it is essential to my case that I get a copy of the transcript when Roacha motioned the court for an interpreter that was granted, then the Government dropped the case that they could not lose.

Please assist my court appointed Attorney Arthur Wallace III Esq. in locating the evidence I need to prove that Roacha lied to the court and the AUSA knew it but not inform the court.

Your help is essential without it I feel doomed to spend the next twenty years in prison. I have already spent over seven years please help.

Please confirm that you received a copy of this letter.

This letter was prepared with the assistance of an English speaker and Cerole interpreter.

Sincerely yours

Harold Jules

cc Judge marra
Arthur Wallace Esq.

– EXHIBIT –

JOSE FRANCISCO,
ASSOCIATION. COULD NOT
FIND. TRANSCRIPT.
OF DELIVERY OF INDICTMENT
, ON redacted 4th PERSON
SIGNATURE , OF GRAND
JURIES CONCURRENCE,
OR DATES, OF DELIVERY
OF INDICTMENT-
– NO RECORD AT ALL
OF BEING ENDICTED
IN THE COURTS.

# ✳ Jose Francisco & Associates ✳

## Datran Tower
## 9100 South Dadeland Blvd., Suite 1500
## Miami, Florida 33156
Telephone: (305) 242-0778
Fax: (305) 271-7495

Offices in:
Brickell, Miami Beach, Coral Gables, Aventura,
Miramar, Boca Raton, Plantation, Sunrise

josefrancisco@research2255.com                    www.research2255.com

October 27, 2010

Mr. Harold Jules
Register No.: 09156-265
Federal Detention Center
P.O. Box 019120
Miami, Fl 33101

Dear Mr. Jules,

Enclosed is the document you requested. Regarding the other documents, we need to know the dates of the dates where the transcripts are located. I can send your attorney via email your complete case file.

Feel free to call me if you need additional information.

Sincerely yours,

Jose Francisco & Associates

•Pre-Trial Consultation • Trial Consultation • Post Trial Consultation • Federal Cases PSI Review • Post Conviction Consultation • Motion for
New Trial • Appellate Briefs • Reh'g & Suggestion For Reh'g En-Banc • Writ of Certiorari • Title 28 U.S.C. § 2255 • Title 28 U.S.C. § 2253
•Title 28 U.S.C. § 2244 • Title 28 U.S.C. § 2241 • Title 18 U.S.C. § 3582 • Title 42 U.S.C. § 1983 • Tort Claims • F.O.I.A. Requests •
•BOP Administrative Remedy Exhaustions • Case Pardons Review •
We are not Attorneys



USA FIRST-CLASS FOREVER
USA FIRST-CLASS FOREVER
USA FIRST-CLASS FOREVER

Clerk of the Court
United States District Court
400 North Miami Avenue
Miami, Florida 33128-1810

# CASE.009-CIV-60071-KN
# HONORABLE: PATRICA WHITE
# HONORABLE: Kenneth Marra